# IN THE COURT OF APPEALS OF IOWA

No. 19-1696
Filed January 23, 2020

**IN THE INTEREST OF B.H.,**
**Minor Child,**

**C.E., Mother,**
  Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Matthew R. Metzgar, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Michelle M. Hynes of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

A mother appeals the termination of her parental rights to her child, B.H., born in June 2007.[1] She challenges the statutory grounds for termination. And she argues the juvenile court failed to explicitly ask B.H. if she objected to termination in order to satisfy the exception under Iowa Code section 232.116(3)(b) (2019). We affirm.

We review termination proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The mother first challenges the statutory grounds. The juvenile court found grounds for termination under Iowa Code section 232.116(1)(f) and (*l*). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We chose to address section 232.116(1)(f), which authorizes termination when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or

---

[1] The juvenile court granted an additional six months for the father to work toward reunification. The father is not part of this appeal.

for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother only challenges the fourth element.

The mother contends she sufficiently addressed the two primary concerns in this case, which were the mother's tumultuous relationship with the father and the mother's substance abuse. So she argues B.H. could have been returned to her at the time of the hearing. We note the record demonstrates the mother and father have ended their relationship.

So we turn to the substance-abuse issue. The mother claims she has addressed her substance-abuse issue as shown by clean drug tests and Alcoholics Anonymous attendance slips that she entered into evidence. But the record indicates otherwise. The mother's hair stat test was positive for amphetamines in May 2018, and she eventually stopped participating in drug tests. She admitted to using methamphetamine in December 2018. And her therapist noted in February 2019 that she was "not convinced that [the mother] ha[d] not used meth recently."

The mother's unaddressed mental health is also a concern. She provides no evidence indicating this concern has been eliminated or reduced. In fact, at the hearing, she testified her mental health was an issue in the case and conceded her treatment had been sporadic. The mother has been diagnosed with bipolar and anxiety disorders. But she has struggled to take her medications as prescribed and does not consistently attend therapy as recommended.

Based on the mother's unaddressed substance-abuse and mental-health issues, we find B.H. could not have been returned to the mother at the time of the hearing. *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases for when mental-health issues supported termination of parental rights).

Next, the mother asserts the juvenile court erred in failing to question B.H. about whether she objected to the termination of her mother's parental rights. She seems to suggest that had the juvenile court done so, termination would have been precluded under section 232.116(3)(b). Yet we must remember that the exceptions in Iowa Code section 232.116(3) are permissive and not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019) (citation omitted). Moreover, the burden of establishing an exception to termination under section 232.116(3) rests with the parent not the court. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

Iowa Code section 232.116(3)(b) provides courts the discretion to forgo termination if "[t]he child is over ten years of age and objects to the termination." But "we are unable to find evidence [the child] objected to termination." *In re C.C.*, No. 17-0414, 2017 WL 2191684, at *2 (Iowa Ct. App. May 17, 2017). Here, the juvenile court held an in camera interview with B.H. and the guardian ad litem. There, B.H. stated she loved both her mother and father. B.H. advised she desired to be with her father but did not mention placement with her mother. *See In re G.S.*, No. 13-0884, 2013 WL 4774040, at *3–4 (Iowa Ct. App. Sept. 5, 2013)

(finding section 232.116(3)(b) exception inapplicable when the child objects to termination but does not seek placement with the parent).

The mother also argues the juvenile court was required to ask B.H. whether she objected to termination because the court prohibited the mother's counsel from questioning B.H. But we disagree. The juvenile court "has discretion to determine that a child need not be called as a witness when the best interests of the child weigh against use of the child's testimony." *In re J.G.*, No. 15-1755, 2016 WL 363747, at *3 (Iowa Ct. App. Jan. 27, 2016) (denying a father's request to subpoena his child to question whether the child objected to termination). Likewise, the court has discretion to impose appropriate limits on the questioning of a child.

Here, the mother requested the juvenile court subpoena B.H. The juvenile court indicated it would not call B.H. to the stand and subject her to cross-examination. Instead, the juvenile court arranged an in camera interview, with only B.H. and the guardian ad litem present, where B.H. could "express her wishes, if she chooses." The juvenile court advised both parents that "[B.H.] will not be forced or pushed to give an opinion if she does not have an opinion about what should happen with her parents' parental rights." We do not fault this procedure, which was plainly designed to protect the child against unnecessary trauma in the litigation process.

Furthermore, as we previously stated, section 232.116(3)(b) provides a *permissive* exception. Even if B.H. had objected, termination would still have been in B.H.'s best interest. *See, e.g.*, *A.R.*, 932 N.W.2d at 592 ("The best interests of a child is not always what 'the child wants.'" (citation omitted)); *In re D.S.*, No. 17-

1390, 2017 WL 6034636, at *5–6 (Iowa Ct. App. Dec. 6, 2017) (finding the children's objection to the parents' termination did not outweigh their best interests to go forward with termination).

The juvenile court was correct in terminating the mother's parental rights.

**AFFIRMED.**